UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD,                              )
1669 Benedict Canyon Drive                  )
Beverly Hills, CA  90210,                   ) Judge _____
                                            ) Civil Action No. _____
          and                               )
                                            )
ALEXA O'BRIEN,                              )
P.O. Box 6509                               )
Astoria, NY 11106-9997                      )
                                            )
          PLAINTIFFS                         )
     vs.                                     )
                                            )
NATIONAL SECURITY AGENCY,                   )
9800 Savage Rd.                             )
Fort Meade, MD 20755,                       )
                                            )
DEPARTMENT OF HOMELAND                      )
SECURITY,                                   )
245 Murray Lane, SW                         )
Washington, DC 20528                        )
                                            )
                                            )
DEPARTMENT OF JUSTICE,                      )
950 Pennsylvania Ave., NW                   )
Washington, DC 20530,                       )
                                            )
DEPARTMENT OF DEFENSE,                      )
1400 Defense Pentagon                       )
Washington, DC 20301-1400,                  )
                                            )
CENTRAL INTELLIGENCE AGENCY,                )
Washington, DC 20505                        )
                                            )
          and                                )
                                            )
DEPARTMENT OF STATE,                        )
2201 C St., NW                              )
Washington, DC 20520                        )
                                            )
          DEFENDANTS                         )
_____

**COMPLAINT**

THE PARTIES

1.      Plaintiff Jason Leopold is a citizen of California.

2.      Mr. Leopold is an investigative reporter for VICE News covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in *The Guardian*, *The Wall Street Journal*, *The Financial Times*, *Salon*, *CBS Marketwatch*, *The Los Angeles Times*, *The Nation*, Truthout, Al Jazeera English and Al Jazeera America.

3.      Plaintiff Alexa O'Brien is a citizen of New York.

4.      Ms. O'Brien is a national security investigative journalist.  Her work has been published in *The Cairo Review of Global Affairs*, *Guardian UK*, *Salon*, and *The Daily Beast*, and she has been featured on BBC, PBS' *Frontline*, *On The Media*, and Public Radio International. For her "outstanding work" she was shortlisted for the 2013 Martha Gellhorn Prize for Journalism in the UK.

5.      Defendant National Security Agency ("NSA") is an agency of the United States within the meaning of 5 USC § 552(f).

6.      Defendant Department of Homeland Security ("DHS") is an agency of the United States within the meaning of 5 USC § 552(f).

7.      The National Protection and Programs Directorate ("NPPD") is a component of Defendant DHS.

8.      The Office of Policy is a component of Defendant DHS.

9.      The Science and Technology Directorate ("S&T") is a component of Defendant DHS.

10.      The Transportation Security Agency ("TSA") is a component of Defendant DHS.

11.     The Office of Operations Coordinating and Planning ("OPS") is a component of Defendant DHS.

12.     The Office of Intelligence and Analysis ("I&A") is a component of Defendant DHS.

13.     The United States Secret Service ("Secret Service") is a component of Defendant DHS.

14.     The U.S. Customs and Border Protection ("CBP") is a component of Defendant DHS.

15.     The U.S. Immigration and Customs Enforcement ("ICE") is a component of Defendant DHS.

16.     The U.S. Citizenship and Immigration Services ("USCIS") is a component of Defendant DHS.

17.     Defendant Department of Justice ("DOJ") is an agency of the United States within the meaning of 5 USC § 552(f).

18.     The Federal Bureau of Investigation ("FBI") is a component of Defendant DOJ.

19.     The Criminal Division ("DOJ Criminal") is a component of Defendant DOJ.

20.     The National Security Division ("NSD") is a component of Defendant DOJ.

21.     Defendant Department of Defense ("DOD") is an agency of the United States within the meaning of 5 USC § 552(f).

22.     The United States Army ("Army") is a component of Defendant DOD.

23.     The Defense Intelligence Agency ("DIA") is a component of Defendant DOD.

24.     Defendant Central Intelligence Agency ("CIA") is an agency of the United States within the meaning of 5 USC § 552(f).

25.     Defendant Department of State is an agency of the United States within the meaning of 5 USC § 552(f).

JURISDICTION AND VENUE

26.     This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552.

27.     This Court has jurisdiction over the parties and subject matter pursuant to 5

U.S.C. § 552(a)(4)(B).  Jurisdiction also lies with this Court under 28 U.S.C. § 1331.

28.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).


STATEMENT OF FACTS


**BACKGROUND**

29.     Jacob Appelbaum is an American security expert and journalist who has

collaborated on articles in *Der Spiegel* detailing NSA surveillance, as well as information

disclosed by the former Central Intelligence Agency and Defense Intelligence Agency employee

and NSA contractor, Edward Snowden.

30.     Mr. Appelbaum is an American citizen, currently residing in Germany.

31.     Mr. Appelbaum is associated with WikiLeaks.org, the on-line publisher and

archive of censored information; the TOR Project, a free software network designed to provide

anonymity on-line; Chaos Computer Club, Europe's largest association of hackers and computer

programmers; the Freedom of the Press Foundation; Cult of the Dead Cow, a hacker collective;

Noisebridge, a hackerspace in San Francisco; Kink.com; Greenpeace; Ruckus Society;

Rainforest Action Network; and monochrom, an art group;

32.     In 2012, Mr. Appelbaum co-authored the book Cypherpunks: Freedom and the

Future of the Internet with Julian Assange, Andy Mueller-Maguhn, and Jeremie Zimmermann.

33.     In August 2013, Mr. Appelbaum accepted a whistleblower prize on Edward Snowden's behalf. The prize was awarded by a group of NGOs, including Transparency International.

34.     The Department of Justice has publicly acknowledged an ongoing U.S. criminal investigation of WikiLeaks, Assange, and other civilians, including Mr. Appelbaum.

35.     Sealed electronic communication orders for Appelbaum's information from Sonic dated April 15, 2011 and Twitter dated December 14, 2010 were part of the grand jury materials turned over to Chelsea Manning's defense at trial.

36.     Another electronic communication order dated January 4, 2011 commanded Google to hand over the Internet Protocol and email addresses of Appelbaum and the people who had communicated with him from November 1, 2009.

37.     Due to security concerns arising from Manning's May 29, 2010 arrest and the organization's imminent publication of 91,000 low-level battlefield reports from the U.S. war in Afghanistan on July 25, 2010, Assange did not attend the Hackers on Planet Earth conference. In his place, Appelbaum represented WikiLeaks as the keynote speaker.

38.     On July 29, 2010, upon returning to the U.S. from the Netherlands, Appelbaum was detained at Newark Liberty International Airport and questioned for three hours about Julian Assange and WikiLeaks by agents from Immigration and Customs Enforcement and Army CID. Appelbaum states that the agents seized his laptop computer and three cell phones.  The laptop was later returned, but according to Appelbaum the phones were not.

39.     Appelbaum believes that Army Computer Crimes Investigative Unit (CCIU) Special Agent Antonio Patrick Edwards, was one of the agents who interrogated him at Newark airport on July 29, 2010. The Army Computer Crimes Investigative Unit (CCIU) is a part of Army Criminal Investigation Command (CID).

40.     Both Appelbaum and Ms. O'Brien were separately and individually told by their own source(s) that on December 15, 2011, SA Edwards allegedly gave twenty-eight pages of investigative material from the Department of Justice grand jury probe of WikiLeaks to Mr. Adrian Lamo, a confidential government informant and witness for the prosecution at the Manning's trial.  The twenty-eight pages, it was claimed, detailed Appelbaum's private life.  SA Edwards, it was also claimed, allegedly had an intimate relationship with Mr. Lamo.

41.     On January 10, 2011 Appelbaum was detained, searched, and questioned by the U.S. Customs and Border Patrol agents at Seattle-Tacoma International Airport upon re-entering country from Iceland.

42.     On October 27, 2011, Jacob Appelbaum at the Reykjavik-Keflavik airport incident, Appelbaum was stopped and investigated by Icelandic National Police.


## PLAINTIFFS' FOIA REQUESTS

43.     On April 28, 2015, Plaintiffs submitted FOIA requests to 19 federal agencies/components for records about Jacob Appelbaum and other related subjects.

44.     Each of Plaintiffs' 19 FOIA requests was submitted by U.S. Postal Service Certified Mail.

45.     Each of Plaintiffs' 19 FOIA requests sought a waiver of fees or, in the alternative, that they be considered a member of the media for fee purposes.

46.     Each of Plaintiffs' 19 FOIA requests sought expedited processing.

47.     Each of Plaintiffs' 19 FOIA requests was accompanied by a privacy waiver signed by Mr. Appelbaum authorizing release of records to them.

<u>NSA</u>

48.     Plaintiff Ms. O'Brien received a letter dated June 5, 2015 from NSA.

49.     In the letter, NSA stated that the request had been assigned tracking number 81201; that the FOIA request had been received May 8, 2015; that Plaintiffs would be considered members of the media for fee purposes; and that a decision had not yet been made on entitlement to a fee waiver. The letter further asserted a Glomar response as to three subparts of the request; claimed that one subpart of the request was overly broad; stated that no responsive records would exist with respect to one subpart; and stated that the remaining subparts would be placed in the queue for processing.

50.     Plaintiffs have not received any further communications in response to this FOIA request.

51.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies

<u>DHS/NPPS</u>

52.     Plaintiffs have not received an acknowledgment or any other communications in response to this FOIA request.

53.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

<u>DHS/HQ</u>

54.     Plaintiffs have not received an acknowledgment or any other communications in response to this FOIA request.

55.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DHS/Office of Policy

56.     Plaintiffs have not received an acknowledgment or any other communications in response to this FOIA request.

57.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DHS/S&T

58.     Plaintiffs have not yet exhausted their administrative remedies.

DHS/TSA

59.     Plaintiffs have not received an acknowledgment or any other communications in response to this FOIA request.

60.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DHS/OPS

61.     Plaintiffs received a letter dated May 12, 2015 from DHS/OPS.

62.     In the letter, DHS/OPS stated that the request had been received on May 12, 2015; that unusual circumstances existed; that Plaintiffs were a "non-commercial requestor"; and that the tracking number 15-OPS-60 had been assigned.

63.     Plaintiffs have not received any further communications in response to this FOIA request.

64.     More than 30 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DHS/I&A

65.     Plaintiffs have not yet exhausted their administrative remedies.


DHS/Secret Service

66.     Plaintiff Ms. O'Brien received a letter dated June 3, 2015 from DHS/Secret

Service.

67.     In the letter DHS/Secret Service stated that the request had been received on May

15, 2015; that the subparts of the request had been assigned tracking numbers 20150895 through

20150901; that the request for a fee waiver would be held in abeyance pending the quantification

of responsive records; and that if the fee waiver was denied, Plaintiffs would be charged

duplication fees in accordance with regulations for "media" requesters.

68.     Plaintiff Ms. O'Brien received a phone call from a DHS/Secret Service FOIA

officer asking who the requester was. Plaintiff Ms. O'Brien responded by email on June 4, 2015,

stating that both she and Plaintiff Mr. Leopold were the requesters.

69.     Plaintiff Ms. O'Brien received a letter dated June 11, 2015 from DHS/Secret

Service.

70.     In the letter, DHS/Secret Service stated that the file numbers association with the

request had been revised and that the new tracking numbers would be 20150895 through

20150901 and 20150956 through 20150976.

71.     Plaintiffs have not received any further communications in response to this FOIA

request.

72.     More than 20 business days have elapsed since the agency received Plaintiffs'

FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DHS/CBP

73.     Plaintiff Ms. O'Brien received a letter dated May 6, 2015 from DHS/CBP.

74.     In the letter, DHS/CBP stated that the request had been received on May 5, 2015; that Plaintiffs would be charged for the records in accordance with DHS regulations; that the first 100 pages of records would be free; and that the tracking number CBP-2015-032436 had been assigned.

75.     Plaintiffs have not received any further communications in response to this FOIA request.

76.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.


DHS/ICE

77.     Plaintiff Ms. O'Brien received an email dated May 7, 2015 from DHS/ICE.

78.     In the letter, DHS/ICE stated that the request had been received on May 7, 2015; that the request for expedited processing had been denied; that unusual circumstances exist; that the request for a fee waiver had been denied; that Plaintiffs would be charged for the records in accordance with DHS regulations as they apply to "non-commercial requesters"; and that the tracking number 2015-ICFO-80208 had been assigned.

79.     On May 8, 2015, Plaintiffs appealed the denial of the waiver and the categorization of them as "non-commercial requesters."

80.     Plaintiffs did not appeal the denial of the request for expedited processing.

81.     Plaintiff Ms. O'Brien received an email dated June 11, 2015 from DHS/ICE in response to her administrative appeal.

82.     In the letter, DHS/ICE stated that the appeal had been assigned number 2015-ICAP-00371; that the fee waiver request should be granted; and that the FOIA request would be further processed.

83.     Plaintiffs have not received any further communications in response to the initial FOIA request.

84.     More than 30 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.


DHS/USCIS

85.     Plaintiff Ms. O'Brien received a letter dated May 13, 2015 from DHS/USCIS.

86.     In the letter, DHS/USCIS stated that the request had been assigned tracking number NRC2015064680; that five subparts of the request did not reasonably describe the records sought; and that Plaintiffs should respond within 30 days by narrowing the search request. The letter did not inform Plaintiffs of any appeal rights.

87.     Plaintiffs did not narrow the search request as to the five subparts that DHS/USCIS refused to process. Because DHS/USCIS did not consider Plaintiffs' request to be a valid FOIA request with respect to five subparts, Plaintiffs were not required to administratively appeal the determination.

88.     Plaintiffs have not received any further communications in response to the initial FOIA request.

89.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies with respect to all other parts of the request.


DOJ/FBI

11

90.     Plaintiffs have not received an acknowledgment or any other communications in response to this FOIA request.

91.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DOJ/DOJ Criminal

92.     Plaintiffs have not received an acknowledgment or any other communications in response to this FOIA request.

93.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DOJ/NSD

94.     Plaintiffs have not received an acknowledgment or any other communications in response to this FOIA request.

95.     More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DOD/Army

96.     Plaintiff Ms. O'Brien received a letter dated May 11, 2015 from DOD/Army. The letter did not relate to Plaintiffs' FOIA request and appears to have been sent by mistake.

97.     On May 11, 2015 Plaintiff Ms. O'Brien emailed DOD/Army stating that the acknowledgment letter she received appeared to relate to someone else's request.

98.     Plaintiff Ms. O'Brien received a letter dated May 20, 2015 from DOD/Army Criminal Investigation Command Division. The letter stated that DOD/Army FOIA/PA division

forwarded the request to that office, which received it on May 13, 2015; and that the request had been assigned tracking number FA15-2251.

99.     Plaintiff Ms. O'Brien received a letter dated June 1, 2015 from DOD/Army Intelligence and Security Command. The letter stated that DOD/Army FOIA/PA division forwarded the request to that office, which received it on May 14, 2015; that the agency would not be able to comply with the statutory 20-day time period; and that the request had been assigned tracking number #0958F-15.

100.    Plaintiffs have not received any further communications in response to the initial FOIA request.

101.    More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

DOD/DIA

102.    Plaintiff Ms. O'Brien received a letter dated May 12, 2015 from DOD/DIA.

103.    The letter stated that DOD/DIA had received the request on May 11, 2015; that the request had been assigned tracking number 0342-2015; and that unusual circumstances existed.

104.    Plaintiffs have not received any further communications in response to the initial FOIA request.

105.    More than 30 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

CIA

106.    Plaintiff Ms. O'Brien received a letter dated May 26, 2015 from the CIA.

107. The letter stated that the request had been assigned tracking number F-2015-01614 and denying the request for expedited processing.

108. Plaintiffs did not appeal the denial of the request for expedited processing.

109. Plaintiffs have not received any further communications in response to the initial FOIA request.

110. More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies, except with respect to the denial of expedited processing.

Department of State

111. Plaintiff Ms. O'Brien received a letter dated May 26, 2015 from Department of State.

112. The letter stated that Department of State had assigned the request tracking number F-2015-09478; that unusual circumstances "may" exist; and that the request for a fee waiver had been granted.

113. Plaintiff Ms. O'Brien received an email dated May 26, 2015 from Department of State.

114. The email requested a timeframe by close of business on that day.

115. On May 26, 2015, Plaintiff Ms. O'Brien responded to the email with timeframes for each of the subparts of the request.

116. Plaintiffs have not received any further communications in response to the FOIA request.

117. More than 20 business days have elapsed since the agency received Plaintiffs' FOIA request. Therefore, Plaintiffs are deemed to have exhausted their administrative remedies.

## COUNT I:
## VIOLATION OF FOIA

118.    This Count realleges and incorporates by reference all of the preceding paragraphs.

119.    Each of the defendants have violated FOIA by improperly withholding non-exempt, responsive records.

120.    Each of the defendants have violated FOIA by failing to grant Plaintiffs a fee waiver, except for Department of State and DHS/ICE, which granted a fee waiver.

121.    Each of the defendants have violated FOIA by failing to grant Plaintiffs request for expedited processing. However, this lawsuit does not challenge the denial of the request for expedited processing by DHS/ICE and CIA, which Plaintiffs have not administratively appealed.

122.    NSA and DHS/USCIS have violated FOIA by failing to process a valid FOIA request (or a portion thereof).

123.    DHS/OPS has violated FOIA by failing to treat Plaintiffs as members of the media for fee purposes.

124.    Each of the defendants have violated FOIA by failing to make a final determination within the statutory time period as to whether records will be released.

125.    At this time, Plaintiffs are not challenging the actions of DHS/S&T and DHS/I&A because Plaintiffs have not yet exhausted their administrative remedies.

126.     Plaintiffs have been and will continue to be irreparably harmed until Defendants are ordered to comply with FOIA.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' failure to comply with FOIA to be unlawful;

(2) Order Defendants to search for and process the requested records without further delay and

without payment of search, review, and duplication fees;

(3) Order Defendants to process the requested records on an expedited basis;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in

this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

  /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*